1  Shaun Setareh (SBN 204514)
    shaun@setarehlaw.com
2  Thomas Segal (SBN 222791)
    thomas@setarehlaw.com
3  SETAREH LAW GROUP
    9454 Wilshire Boulevard, Suite 907
4  Beverly Hills, California 90212
    Telephone (310) 888-7771
5  Facsimile (310) 888-0109

6  Attorneys for Plaintiffs
    MONIQUE RAQUEDAN and
7  RONALD MARTINEZ

8

9                    UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11

12

13  MONIQUE RAQUEDAN and RONALD          Case No.
    MARTINEZ, on behalf of themselves, all
14  others similarly situated,           **CLASS ACTION**

15              *Plaintiffs*,            **COMPLAINT**

16        vs.                            1.  Violation of 15 U.S.C. §§ 1681b(b)(2)(A)
                                             (Fair Credit Reporting Act);
17  VOLUME SERVICES, INC., a Delaware    2.  Violation of 15 U.S.C. §§ 1681d(a)(1) and
    corporation, d/b/a Centerplate;          1681g(c) (Fair Credit Reporting Act);
18  CENTERPLATE OF DELAWARE, INC., a     3.  Violation of California Civil Code § 1786 *et
    Delaware corporation; and DOES 1 through     seq.* (Investigative Consumer Reporting
19  10, inclusive,                           Agencies Act);
                                         4.  Violation of California Civil Code § 1785 *et
20              *Defendants*.                 seq.* (Consumer Credit Reporting Agencies
                                             Act);
21                                       5.  Unfair Competition (Bus. & Prof. Code §§
                                             17200 *et seq.*)
22

23                                       **JURY TRIAL DEMANDED**

24

25

26

27

28

COMES NOW, Plaintiffs MONIQUE RAQUEDAN and RONALD MARTINEZ ("Plaintiffs"), on behalf of themselves and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.      Plaintiffs brings this class action against defendants VOLUME SERVICES, INC., a Delaware corporation (doing business as Centerplate); CENTERPLATE OF DELAWARE, INC., a Delaware corporation; and DOES 1 through 10, inclusively (collectively referred to as "Defendants") for alleged violations of the Fair Credit Reporting Act ("FCRA") and similar California laws.

2.      Plaintiffs alleges that Defendants routinely acquire consumer, investigative consumer and/or consumer credit reports (referred to collectively as "credit and background reports") to conduct background checks on Plaintiffs and other prospective, current and former employees and use information from credit and background reports in connection with their hiring process without providing proper disclosures and obtaining proper authorization in compliance with the law.

3.      Plaintiffs, individually and on behalf of all others similarly situated current, former and prospective employees, seeks compensatory and punitive damages due to Defendants' systematic and willful violations of the FCRA (15 U.S.C. §§ 1681 *et seq.*), the California Investigative Consumer Reporting Agencies Act ("ICRAA") (Cal. Civ. Code § 1786 *et seq.*); and the California Consumer Credit Reporting Agencies Act ("CCRAA") (Cal. Civ. Code § 1785, *et seq.*).

## JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. section 1331 because these claims seek redress for violation of Plaintiff's and the putative class' federal statutory rights under the Fair Credit Reporting Act (15 U.S.C. §§ 1681 *et seq.*).

5.      This Court has supplemental jurisdiction over Plaintiff's and the putative class' state law claims pursuant to 28 U.S.C. section 1367(a) because these claims are so closely related to Plaintiff's and the putative class' FCRA claims in that they form parts of the same case or controversy under Article III of the United States Constitution.

6.     Venue is proper in this District under 28 U.S.C. section 1391(b)(2) and (c) because a substantial part of the events and omissions giving rise to the claims alleged in this complaint occurred in this District.

7.     This Court has personal jurisdiction over this matter because Defendants conduct substantial business activity in this District, and because many of the unlawful acts described in this complaint occurred in this District and gave rise to the claims alleged.

## PARTIES

8.     Plaintiff MONIQUE RAQUEDAN ("RAQUEDAN") is, and at all relevant times mentioned herein, an individual residing in the State of California.

9.     Plaintiff RONALD MARTINEZ ("MARTINEZ") is, and at all relevant times mentioned herein, an individual residing in the State of California.

10.    Defendant VOLUME SERVICES, INC., doing business as Centerplate, is, and at all relevant times mentioned herein, a corporation organized and existing under the laws of Delaware and doing business in the State of California.

11.    Defendant CENTERPLATE OF DELAWARE, INC. is, and at all relevant times mentioned herein, a corporation organized and existing under the laws of Delaware and doing business in the State of California.

12.    Plaintiffs are ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the defendants sued as DOES 1 through 10, inclusive, but is informed and believes and thereupon alleges that the defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiffs will amend the Complaint to allege the true names and capacities of the DOE defendants when ascertained.

13.    Plaintiffs are informed and believes and thereupon alleges that, at all relevant times mentioned herein, all defendants were the agents, employees and/or servants, masters or employers of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other defendants.

14.     Plaintiffs allege that each and every one of the acts and omissions alleged herein were performed by and/or attributable to all defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other defendants, and that the alleged acts and failures to act were within the course and scope of the agency, employment and/or direction and control.

## CLASS ALLEGATIONS

15.     This action is brought and may be maintained as a class action pursuant to Federal Rules of Civil Procedure 23 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiffs are unaware of any difficulties likely to be encountered in managing this case as a class action.

16.     **Class Definitions:**  The classes are defined as follows:

**FCRA Class:**  All of Defendants' current, former and prospective applicants for employment in the United States who applied for a job with Defendants at any time during the period for which a background check was performed beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action.

**ICRAA Class:**  All of Defendants' current, former and prospective applicants for employment in California, at any time during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered into this action.

**CCRAA Class:**  All of Defendants' current, former and prospective applicants for employment in California, at any time during the period beginning seven years prior to the filing of this action and ending on the date that final judgment is entered in this action.

17.     **Reservation of Rights:**  Plaintiffs reserve the right to amend or modify the class definitions with greater specificity, by further division into sub-classes and/or by limitation to particular issues.

18.     **Numerosity:**  The class members are so numerous that the individual joinder of each individual class member is impractical.  While Plaintiffs do not currently know the exact number of class members, Plaintiffs are informed and believes that the actual number exceeds the minimum required for numerosity under California law.

19.     **Commonality and Predominance:**  Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These questions include, but are not limited to:

A.    Whether Defendants failed to comply with the requirements of 15 U.S.C. § 7001 section 101(c)(1);

B.    Whether Defendants willfully failed to provide the class with stand-alone written disclosures before obtaining a credit or background report in compliance with the statutory mandates;

C.    Whether Defendants willfully failed to identify the name, address, telephone number, and/or website of the investigative consumer reporting agency conducting the investigation;

D.    Whether Defendants willfully failed to identify the source of the credit report to be performed;

E.    Whether Defendants willfully failed to comply with the FCRA, ICRAA and/or the CCRAA.

20.    **Typicality:** Plaintiffs' claims are typical of the other class members' claims. Plaintiffs are informed and believes and thereupon alleges that Defendants have a policy, practice or lack of a policy or practice which resulted in Defendants failing to comply with the FCRA, ICRAA and CCRAA as alleged herein.

21.    **Adequacy of Class Representative:** Plaintiffs are adequate class representatives in that they have no interests that are adverse to, or otherwise in conflict with, the interests of the absent class members. Plaintiffs are dedicated to vigorously prosecuting this action on behalf of class members. Plaintiffs will fairly and adequately represent and protect the interests of class members.

22.    **Adequacy of Class Counsel:** Plaintiffs' counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiffs or absent class members, are experienced in class action litigation and are dedicated to vigorously prosecuting this action on behalf of Plaintiffs and absent class members.

23.    **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to be simultaneously and

efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail.  In addition, the monetary amounts due to many individual class members are likely to be relatively small and would therefore make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them.  Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

### GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

24.    RAQUEDAN was hired by Defendants on or about August 2014 as an hourly, non-exempt employee who worked at an entertainment venue in California.

25.    MARTINEZ was hired by Defendants on or about July 24, 2014 as an hourly, non-exempt employee who worked at an entertainment venue in California.

26.    When Plaintiffs applied for employment, Defendants performed a background investigation on Plaintiffs.

27.    Defendants did not provide legally compliant disclosure and authorization forms to Plaintiffs and the putative class.

### FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE PROPER DISCLOSURE IN VIOLATION OF THE FCRA

### (15 U.S.C. §§ 1681b(b)(2)(A))

### (Plaintiffs and FCRA Class Against All Defendants)

28.    Plaintiffs incorporate the preceding paragraphs of this Complaint as if fully alleged herein.

29.    Defendants are "persons" as defined by Section 1681a(b) of the FCRA.

30.    Plaintiffs and class members are "consumers" within the meaning of Section 1681a(c) of the FCRA because they are "individuals."

31.    Section 1681a(d)(1) of the FCRA defines "consumer report" as:

> "The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal

characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for–

 (A) credit or insurance to be used primarily for personal, family, or household purposes;

 (B) employment purposes; or

 (C) any other purpose authorized under section 1681b of this title."

Accordingly, a credit and background report qualifies as a consumer report.

32. Section 1681a(e) of the FCRA defines "investigative consumer report" as:

"The term 'investigative consumer report' means a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items off information.  However, such information shall not include specific factual information on a consumer's credit record obtained directly from a creditor of the consumer or from a consumer reporting agency when such information was obtained directly from a creditor of the consumer or from the consumer."

Accordingly, a credit and background report qualifies as an investigative consumer report.

33. Section 1681b(b)(2)(A) of the FCRA provides:

Conditions for furnishing and using consumer reports for employment purposes Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless–

 (i) A ***clear and conspicuous*** disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that ***consists solely of the disclosure***, that a consumer report may be obtained for employment purposes; and

 (ii) The consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. (Emphasis added.)

34. Section 1681b(b)(2)(A)(i) requires that a clear and conspicuous disclosure be made in writing.

35. Because Defendants' disclosures do not meet the requirement of 15 U.S.C. section 7001(c), the disclosures do not satisfy the written requirement.

36. Plaintiffs allege, upon information and belief, that in evaluating her and other class members for employment, Defendants procured or caused to be procured credit and background

CLASS ACTION COMPLAINT

1   reports (i.e. a consumer report and/or investigative consumer report as defined by 15 U.S.C. section

2   1681a(d)(1)(B) and 15 U.S.C. section 1681a(e)).

3        37.    The purported disclosures do not meet the requirements under the law because they

4   are embedded with extraneous information, and are not clear and unambiguous disclosures in stand-

5   alone documents.

6        38.    Under the FCRA, it is unlawful to procure or caused to be procured, a consumer

7   report or investigative consumer report for employment purposes unless the disclosure is made in a

8   document that consists solely of the disclosure and the consumer has authorized, in writing, the

9   procurement of the report. (15 U.S.C. § 1681b(b)(@0(A0(i)-(ii).)  The inclusion of a release and

10  other extraneous information therefore violates section 1681b(b)(2)(A) of the FCRA.

11       39.    Although the disclosure and authorization may be combined in a single document,

12  the Federal Trade Commission ("FTC") has warned that the form should not include any extraneous

13  information or be part of another document.  For example, in response to an inquiry as to whether

14  the disclosure may be set forth within an application for employment or whether it must be included

15  in a separate document, the FTC stated:

16       "The disclosure may not be part of an employment application because the language
         [of 15 U.S.C. section 1681b(b)(2)(A)] is intended to ensure that it appears
17       conspicuously in a document not encumbered by any other information.  The reason
         for requiring that the disclosure be in a stand-alone document is to prevent
18       consumers from being distracted by other information side-by-side within the
         disclosure."
19

20       40.    The plain language of the statute also clearly indicates that the inclusion of a liability

21  release in a disclosure form violates the disclosure and authorization requirements of the FCRA,

22  because such a form would not consist "solely" of the disclosure.  In fact, the FTC expressly warned

23  that the FCRA notice may not include extraneous information such as a release.  In a 1998 opinion

24  letter, the FTC stated:

25       "[W]e note that your draft disclosure includes a waiver by the consumer of his or her
         rights under the FCRA.  The inclusion of such a waiver in a disclosure form will
26       violate section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist
         'solely' of the disclosure that a consumer report may be obtained for employment
27       purposes."

28       41.    In a report dated July 2011, the FTC reiterated that "the notice [under 15 U.S.C.

7

1  section 1681b(b)(2)(A))] may not include extraneous or contradictory information, such as a request

2  for a consumer's waiver of his or her rights under the FCRA."

3      42.    By including a release and other extraneous information, Defendants willfully

4  disregarded the FTC's regulatory guidance and violated section 1681b(b)(2)(A) of the FCRA.

5  Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and

6  conspicuous" and "clear and accurate" and therefore violates sections 1681b(b)(2)(A0 and

7  1681d(a).

8      43.    Defendants' conduct in violation of section 1681b(b)(2)(A) of the FCRA was and is

9  willful.  Defendants acts in deliberate or reckless disregard of their obligations and the rights of

10 applicants and employees, including Plaintiffs and class members.  Defendants' willful conduct is

11 reflected by, among other things, the following facts:

12         A.    Defendants are a large corporation with access to legal advice;

13         B.    Defendants required a purported authorization to perform credit and

14             background checks in the process of employing the class members, which,

15             although defective, evidences Defendants' awareness of and willful failure to

16             follow the governing laws concerning such authorizations;

17         C.    The plain language of the statute unambiguously indicates that inclusion of a

18             liability release and other extraneous information in a disclosure form

19             violates the disclosure and authorization requirements; and

20         D.    The FTC's express statements, pre-dating Defendants' conduct, which state

21             that it is a violation of section 1681b(b)(2)(A) of the FCRA to include a

22             liability waiver in the disclosure form.

23     44.    Defendants required a liability release in the disclosure form, along with other

24 extraneous information, that releases all parties involved from any liability and responsibility for

25 releasing information they have about the Plaintiffs to Defendants.

26     45.    Based upon the facts likely to have evidentiary support after a reasonable

27 opportunity to further investigation and discovery, Plaintiffs allege that Defendants have a policy

28 and practice of procuring investigative consumer reports or causing investigative consumer reports

1   to be procured for applicants and employees without informing them of their right to request a

2   summary of their rights under the FCRA at the same time as the disclosure explaining that an

3   investigative consumer report may be made.  Pursuant to that policy and practice, Defendants

4   procured investigative consumer reports or caused investigative consumer reports to be procured for

5   Plaintiffs and class members, as described above, without informing class members of their rights to

6   request a written summary of their rights under the FCRA.

7       46.    Accordingly, Defendants willfully violated and continue to violate the FCRA,

8   including but not limited to, sections 1681b(b)(2)(A) and 1681d(a).  Defendants' willful conduct is

9   reflected by, among other things, the facts set forth above.

10      47.    As a result of Defendants' unlawful procurement of credit and background reports by

11  way of their inadequate disclosures, as set forth above, Plaintiffs and class members have been

12  injured, including but not limited to, having their privacy and statutory rights invaded in violation of

13  the FCRA.

14      48.    Plaintiffs, on behalf of themselves and all class members, seek all available remedies

15  pursuant to 15 U.S.C. section 1681n, including statutory damages and/or actual damages, punitive

16  damages, injunctive and equitable relief and attorneys' fees and costs.

17      49.    In the alternative to Plaintiffs' allegation that these violations were willful, Plaintiffs

18  alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C.

19  section 1681o, including statutory damages and attorneys' fees and costs.

20                  **SECOND CAUSE OF ACTION**

21  **FAILURE TO GIVE PROPER SUMMARY OF RIGHTS IN VIOLATION OF THE FCRA**

22                  **(15 U.S.C. § 1681d(a)(1) and 1681g(c))**

23              **(Plaintiffs and FCRA Class Against All Defendants)**

24      50.    Plaintiffs incorporate the preceding paragraphs of this Complaint as if fully alleged

25  herein.

26      51.    Section 1681d(a) states:

27          (a) Disclosure of fact of preparation
            A person may not procure or cause to be prepared an investigative consumer report
28          on any consumer unless—

                            9

(1) it is ***clearly and accurately disclosed to the consumer*** that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, which are applicable, may be made, and such disclosure

    (A) is ***made in a writing mailed, or otherwise delivered, to the consumer***, not later than three days after the date on which the report was first requested, and

    (B) ***includes a statement informing the consumer of his right to request the additional disclosures*** provided for under subsection (b) of this section and ***the written summary of the rights of the consumer prepared pursuant to section 1681g(c)*** of this title; and

(Emphasis added.)

52.    Section 1681d(b) states:

(b) Disclosure on request of nature and scope of investigation
Any person who procures or causes to be prepared an investigative consumer report on any consumer shall, upon written request made by the consumer within a reasonable period of time after the receipt by him of the disclosure required by subsection (a)(1), make a ***complete and accurate disclosure of the nature and scope of the investigation requested***.  This disclosure shall be made in a writing mailed, or after the date on which the request for such disclosure was received from the consumer or such report was first requested, whichever is the later.

(Emphasis added.)

53.    As previously alleged, because Defendants' disclosures do not meet the requirement of Section 101(c)(1) of 15 U.S.C. section 7001, the disclosures do not satisfy the written requirement.

54.    Moreover, even if Defendants' disclosures are deemed to satisfy Section 101(c)(1), Defendants did not comply with Section 1681d(a)(1)(b) because the disclosures fail to inform the consumer of the right to have the person who procured the report provide a complete and accurate disclosure of the nature and scope of the investigation requested.

55.    Section 1681g(c) further provides for summary of rights to obtain and dispute information in consumer reports and to obtain credit scores:

    (c) Summary of rights to obtain and dispute information in consumer reports and to obtain credit scores

      (1) Commission
      Summary of rights required

1

2       (A)  In general
            The Commission shall prepare a model summary of the rights of consumers
3           under this subchapter.

4       (B)  Content of summary
            The summary of rights prepared under subparagraph (A) shall include a
5           description of–

6           (i)    the right of a consumer to obtain a copy of a consumer report under
                   subsection (a) from each consumer reporting agency;

7           (ii)   the frequency and circumstances under which a consumer is entitled to
                   receive a consumer report without charge under section 1681j of this
8                  title;

9           (iii)  the right of a consumer to dispute information in the file of the
                   consumer under section 1681i of this title;
10

11          (iv)   the right of a consumer to obtain a credit score from a consumer
                   reporting agency, and a description of how to obtain a credit score;

12          (v)    the method by which a consumer can contact, and obtain a consumer
                   report from, a consumer reporting agency without charge, as provided
13                 in the regulations of the Bureau prescribed under section 211(c) of the
                   Fair and Accurate Credit Transactions Act of 2003; and
14

15          (vi)   the method by which a consumer can contact, and obtain a consumer
                   report from, a consumer reporting agency described in section
16                 1681a(w) of this title, as provided in the regulations of the Bureau
                   prescribed under section 1681j(a)(1)(C) of this title.

17      56.    Defendants did not comply with 1681g(c)(B)(1) because the disclosures did not state

18  the right of a consumer to obtain a copy of a consumer report from each consumer reporting agency.

19      57.    Defendants did not comply with 1681g(c)(B)(2) because the disclosure did not state

20  the frequency and circumstances under which a consumer is entitled to receive a consumer report

21  without charge.

22      58.    Defendants did not comply with 1681g(c)(B)(3) because the disclosure did not state

23  the right of a consumer to dispute information in the file of the consumer.

24      59.    Defendants did not comply with 1681g(c)(B)(4) because the disclosure did not state

25  the right of a consumer to obtain a credit score from a consumer reporting agency and a description

26  of how to obtain a credit score.

27      60.    Defendants did not comply with 1681g(c)(B)(5) because the disclosure did not state

28  the method by which a consumer can contact, and obtain a consumer report from, a consumer

1  reporting agency without charge.

2      61.    Defendants did not comply with 1681g(c)(B)(6) because the disclosure did not state

3  the method by which a consumer can contact, and obtain a consumer report from, a consumer

4  reporting agency described in section 1681a(w) of this title, as provided in the regulations of the

5  Bureau prescribed under section 1681j(a)(1)(C) of this title.

6  <div align="center">**THIRD CAUSE OF ACTION**</div>

7  <div align="center">**FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE ICRAA**</div>

8  <div align="center">**(Cal. Civ. Code §§ 1786 *et seq.*)**</div>

9  <div align="center">**(Plaintiffs and ICRAA Class Against All Defendants)**</div>

10      62.    Plaintiffs incorporate the preceding paragraphs in the Complaint as if fully alleged

11  herein.

12      63.    Defendants are "persons" as defined by section 1786.2(a) of the ICRAA.

13      64.    Plaintiffs and **ICRAA Class** members are "consumers" within the meaning of

14  section 1786.2(b) of the ICRAA because they are "individuals."

15      65.    Section 1786.2(c) of the ICRAA defines "investigative consumer report" as:

16          "The term investigative consumer report means a consumer report in which information on a consumer's character, general reputation, personal characteristics,

17  or mode of living is obtained through any means."

18      66.    Accordingly, a background check qualifies as an investigative consumer report under

19  the ICRAA.

20      67.    Section 1786.16(a)(2) of the ICRAA provides:

21      (2)  If, at any time, an investigative consumer report is sought for employment

22  purposes other than suspicion of wrongdoing or misconduct by the subject of the investigation, the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:

23        (A) The person procuring or causing the report to be made has a permissible

24  purpose, as defined in Section 1786.12.

25        (B) The person procuring or causing the report to be made provides a ***clear and

26  conspicuous*** disclosure in writing to the consumer at any time before the report is procured or caused to be made ***in a document that consists solely of the disclosure***, that:

27

28          (i)  An investigative consumer report may be obtained.

(ii)  The permissible purpose of the report is identified.

(iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.

(iv) Identifies the ***name, address, and telephone number of the investigative consumer reporting agency*** conducting the investigation.

(v)  Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22.

(vi) ***Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency*** identified in clause (iv), or, ***if the agency has no Internet Web site address, the telephone number of the agency***, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20.  This clause shall be operative on January 1, 2012.

(C) The consumer has authorized in writing the procurement of the report.

(Emphasis added.)

68.     As previously alleged, because Defendants' disclosures do not meet the requirements of section 101(c)(1) of 15 U.S.C. section 7001, the disclosures do not satisfy section 1786.16(a)(2) of the ICRAA requirement that the disclosures be made in writing.

69.     As described above, Plaintiffs alleges that in evaluating her and other class members for employment, Defendants procured or caused to be prepared investigative consumer report (e.g. background checks) as described by Civil Code section 1786.2(c).

70.     Because the purported disclosures are embedded with extraneous information and are not clear and unambiguous disclosures in stand-alone documents, they do not meet the requirements under the law.

71.     Under the ICRAA, it is unlawful to procure or caused to be procured, a consumer report or investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. Cal. Civ. Code § 1786.16(a)(2)(B)-(C).  The inclusion of a Release and other extraneous information therefore violates section 1786.16(a)(2)(B) of the ICRAA.

72.     The plain language of the statute clearly indicates that the inclusion of a liability

release in a disclosure form violates the disclosure and authorization requirements of the ICRAA because such a form would not consist "solely" of the disclosure.

73.    By including a Release and other extraneous information, Defendants willfully violated section 1786.16(a)(2)(B) of the ICRAA.  Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and thus violates section 1786.16(a)(2)(B).

74.    Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, Plaintiffs alleges that Defendants have a policy and practice of failing to provide adequate written disclosure to applicants and employees, before procuring background checks or causing background checks to be procured, as described above. Pursuant to that policy and practice, Defendants procured background checks or caused background checks to be procured for Plaintiffs and class members without first providing a written disclosure in compliance with section 1786.16(a)(2)(B) of the ICRAA, as described above.

75.    Defendants' conduct in violation of Section 1786.16(a)(2)(B) of the ICRAA was and is willful and/or grossly negligent.  Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiffs and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

        (a) Defendants are large corporations with access to legal advice;

        (b) Defendants required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations; and

        (c) The plain language of the statute unambiguously indicates that inclusion of a liability release and other extraneous information in a disclosure form violates the disclosure and authorization requirements, and that the disclosure form must contain the name, address, phone number, and/or website address of the investigative consumer reporting agency conducting the investigation.

76.    As a result of Defendants' illegal procurement of background reports by way of their

1  inadequate disclosures, as set forth above, Plaintiffs and class members have been injured including,

2  but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA.

3      77.     Plaintiffs, on behalf of themselves and all class members, seeks all available

4  remedies pursuant to Civil Code section 1786.50, including statutory damages and/or actual

5  damages, punitive damages, and attorneys' fees and costs.

6      78.     In the alternative to Plaintiffs' allegation that these violations were willful or grossly

7  negligent, Plaintiffs alleges that the violations were negligent and seeks the appropriate remedy, if

8  any, under Civil Code section 1786.50(a), including actual damages and attorneys' fees and costs.

9  <center>**FOURTH CAUSE OF ACTION**</center>

10  <center>**FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE CCRAA**</center>

11  <center>**(Cal. Civ. Code §§ 1785 *et seq.*)**</center>

12  <center>**(Plaintiffs and CCRAA Class Against All Defendants)**</center>

13      79.     Plaintiffs incorporate all paragraphs of this Complaint as if fully alleged herein.

14      80.     Defendants are "persons" as defined by Section 1785.3(j) of the Consumer Credit

15  Reporting Agencies Act ("CCRAA").

16      81.     Plaintiffs and **CCRAA Class** members are "consumers" within the meaning Section

17  1785.3(b) of the CCRAA, because they are "natural individuals."

18      82.     Section 1785.3(c) of the ICRAA defines "consumer credit report" as:

19      any written, oral, or other communication of any information by a consumer credit
        reporting agency bearing on a consumer's credit worthiness, credit standing, or credit
20      capacity, which is used or is expected to be used, or collected in whole or in part, for
        the purpose of serving as a factor in establishing the consumer's eligibility for: ...(2)
21      employment purposes...

22  Thus, a credit report qualifies as a consumer credit report under the CCRAA.

23      83.     Section 1785.20.5(a) of the CCRAA provides, in relevant part:

24      Prior to requesting a consumer credit report for employment purposes, the user of the
        report shall provide written notice to the person involved. The notice shall inform the
25      person that a report will be used, and ***shall identify the specific basis under subdivision
        (a) of Section 1024.5 of the Labor Code for use of the report. The notice shall also
26      inform the person of the source of the report***...

27      (Emphasis added.)

28      84.     As described above, Plaintiffs allege that in evaluating her and other class

<center>15</center>
<center>CLASS ACTION COMPLAINT</center>

1  members for employment, Defendants procured or caused to be prepared consumer credit reports

2  (e.g. credit reports), as defined by Section 1785.3(c).

3       85.    The disclosure provided by Defendants does not identify the specific basis under

4  subdivision (a) of Section 1024.5 of the Labor Code for use of the credit report. This omission

5  clearly violates Section 1785.20.5(a) of the CCRAA, as delineated above.

6       86.    Based upon facts that are likely to have evidentiary support after a reasonable

7  opportunity for investigation and discovery, Plaintiffs allege that Defendants have a policy and

8  practice of failing to provide adequate written disclosures to applicants and employees, before

9  procuring credit reports or causing credit reports to be procured, as described above. Pursuant to

10  that policy and practice, Defendants procured credit reports or caused credit reports to be procured

11  for Plaintiffs and class members without first providing a written notice in compliance with Section

12  1785.20.5(a) of the CCRAA, as described above.

13       87.    Defendants' conduct in violation of Section 1785.20.5(a) of the CCRAA was and is

14  willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard of their

15  obligations and the rights of applicants and employees, including Plaintiffs and class members.

16  Defendants' willful conduct is reflected by, among other things, the following facts:

17             (a)    Defendants are large corporations with access to legal advice;

18             (b)    Defendants required a purported authorization to perform credit checks in the

19                    process of employing the class members which, although defective,

20                    evidences Defendants' awareness of and willful failure to follow the

21                    governing laws concerning such authorizations; and

22             (c)    The plain language of the statute unambiguously indicates that failure to

23                    include the provisions identified above violates the CCRAA's notice

24                    requirements, and that the notice must identify the specific basis under

25                    subdivision (a) of Section 1024.5 of the Labor Code for use of the credit

26                    report and must identify the source of any credit report.

27       88.    As a result of Defendants' illegal procurement of credit reports by way of their

28  inadequate notice, as set forth above, Plaintiffs and class members have been injured including, but

not limited to, having their privacy and statutory rights invaded in violation of the CCRAA.

89.     Plaintiffs, on behalf of themselves and all class members, seeks all available remedies pursuant to Civil Code section 1785.31, including statutory damages and/or actual damages, punitive damages, injunctive relief, and attorneys' fees and costs.

90.     In the alternative to Plaintiffs' allegation that these violations were willful, Plaintiffs allege that the violations were negligent and seeks the appropriate remedy, if any, under Civil Code section 1785.31(a)(1), including but not limited to actual damages and attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

### UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200, *et seq.*)

### (Plaintiffs and FCRA, ICRAA and CCRAA Class Against All Defendants)

91.     Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

92.     Business and Professions Code section 17200 defines "unfair competition" to include any unlawful business practice.

93.     Business and Professions Code sections 17203–17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure section 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

94.     Federal and California laws require certain disclosures and proper authorization before conducting background checks and obtaining information from credit and background reports in connection with a hiring process.

95.     Plaintiffs and the **FCRA, ICRAA and CCRAA Class** re-allege and incorporate by reference the FIRST, SECOND, THIRD and FOURTH causes of action herein.

96.     Plaintiffs lost money or property as a result of the aforementioned unfair competition.

97.     Defendants have, or may have, acquired money by means of unfair competition.

98.     Defendants have violated Federal and California laws through their policies and

1  practices of, *inter alia*, routinely acquiring consumer, investigative consumer and/or consumer
2  credit reports (referred to collectively as "credit and background reports") to conduct background
3  checks on Plaintiffs and other prospective, current and former employees and use information from
4  credit and background reports in connection with their hiring process without providing proper
5  disclosures and obtaining proper authorization in compliance with the law.

6      99.    The unlawful conduct of Defendants alleged herein amounts to and constitutes
7  unfair competition within the meaning of Business and Professions Code sections 17200, *et seq.*
8  Business and Professions Code section 17200, *et seq.*, protects against unfair competition and
9  allows a person who has suffered an injury-in-fact and has lost money or property as a result of an
10 unfair, unlawful, or fraudulent business practice to seek restitution on his own behalf and on behalf
11 of other similarly situated persons in a class action proceeding.

12     100.   Plaintiffs are informed and believes that other similarly situated persons have been
13 subject to the same unlawful policies or practices of Defendants.

14     101.   Due to its unfair and unlawful business practices in violation of Federal and
15 California laws as alleged herein, Defendants have gained a competitive advantage over other
16 comparable companies doing business in the State of California that comply with their legal
17 obligations.

18     102.   Pursuant to Business and Professions Code section 17203, Plaintiffs, on behalf of
19 themselves and the other members of the **FCRA, ICRAA and CCRAA Class**, seeks declaratory
20 relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or
21 otherwise retained by means of its unlawful and unfair business practices.

22     103.   California's Unfair Competition Law ("UCL") permits civil recovery and injunctive
23 for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act
24 violates or is considered unlawful under any other state or federal law.

25     104.   Accordingly, pursuant to Business and Professions Code sections 17200 and 17203,
26 Plaintiffs request the issuance of temporary, preliminary and permanent injunctive relief enjoining
27 Defendants, and each of them, and their agents and employees, from further violations of the
28 FCRA, ICRAA and CCRAA; and upon a final hearing seek an order permanently enjoining

1  Defendants, and each of them, and their respective agents and employees, from further violations

2  of the FCRA, ICRAA and CCRAA.

3      105.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

4  and/or the common fund doctrine, Plaintiffs and the other members of the **FCRA, ICRAA and**

5  **CCRAA Class** are entitled to recover reasonable attorneys' fees in connection with their unfair

6  competition claims.

7                    **PRAYER FOR RELIEF**

8      WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, prays

9  for relief and judgment against Defendants as follows:

10      A.    An order that the action be certified as a class action;

11      B.    An order that Plaintiffs be appointed class representative;

12      C.    An order that counsel for Plaintiffs be appointed class counsel;

13      D.    Statutory penalties;

14      E.    Civil penalties;

15      F.    Punitive damages;

16      G.    Injunctive relief;

17      H.    Costs of suit;

18      I.    Interest;

19      J.    Restitution;

20      K.    Reasonable attorneys' fees; and

21      L.    Such other relief as the Court deems just and proper.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and all others similarly situated, hereby demands a jury trial on all issues so triable.

DATED:  February 21, 2018

SETAREH LAW GROUP

SHAUN SETAREH
Attorneys for Plaintiffs
MONIQUE RAQUEDAN and RONALD MARTINEZ