UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MONIQUE RAQUEDAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VOLUME SERVICES, INC., et al.,<br><br>Defendants. | Case No. 18-CV-01139-LHK<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF FOURTH AMENDED CLASS ACTION SETTLEMENT**<br><br>Re: Dkt. No. 66 |

The Court sets forth the procedural history of the various settlements in this case.  First, on June 13, 2019, the Court held a hearing on the joint motion of plaintiffs Monique Raquedan and Ronald Martinez and defendants Volume Services, Inc. and Centerplate of Delaware, Inc. ("Centerplate") for conditional certification of a settlement class in this action; preliminary approval of the parties' proposed class action settlement; approval of the Class Notice Packet; appointing Class Representatives, Class Counsel, and the proposed Settlement Administrator; and setting a date for the hearing on final approval of the settlement.  In this motion, the parties represented that there were 1,901 class members.

United States District Court
Northern District of California

At the June 13, 2019 hearing, the parties agreed to amend their class action settlement and class notice.  On June 17, 2019, the parties filed an amended class action settlement and amended class notice for the Court's approval.  ECF Nos. 49-1, 49-2.  On June 21, 2019, the Court issued an order regarding the parties' amended class action settlement and asked the parties to consider further changes to the amended settlement and class notice.  ECF No. 51.  On June 25, 2019, the parties filed a second amended class action settlement and second amended class notice for the Court's approval.  ECF Nos. 52-1, 52-2.  On June 27, 2019, the Court asked the parties to consider further changes to the second amended class action settlement and second amended class notice.  ECF No. 54.  On July 1, 2019, the parties filed a third amended class action settlement and third amended class notice for the Court's approval.  ECF Nos. 55-1, 55-2.

The Court granted the parties' motion for preliminary approval of the third amended class action settlement on July 3, 2019.  ECF No. 58.  The Court set the hearing for final approval of the settlement for November 14, 2019.  *Id.*

On August 9, 2019, the parties filed a stipulation to extend the deadline for Defendants to provide class data to the settlement administrator by one month and an extension for the parties to provide a new class notice because the class size increased from 1,901 to 7,181.  ECF No. 62.

Because of the dramatic increase in the size of the class, the Court vacated its July 3, 2019 order granting the parties' motion for preliminary approval of the class action settlement and set a September 9, 2019 deadline for the parties to file a new motion for preliminary approval of any revised class action settlement and class notice.  ECF No. 63.

At the parties' request, the Court later extended the September 9, 2019 deadline to file a motion for preliminary approval to October 9, 2019.  ECF No. 65.  On October 9, 2019, the parties filed a joint motion for conditional certification of a settlement class in this action; preliminary approval of the parties' fourth amended class action settlement; approval of the Class Notice Packet; appointing Class Representatives, Class Counsel, and the proposed Settlement Administrator; and setting a date for the hearing on final approval of the settlement.  In this

2

1     motion, the parties represented that there were 11,740 class members. ECF No. 66.  On March 19,

2     2020, the Court held a hearing on the motion.

3           At the March 19, 2020 hearing, the Court asked the parties to file supplemental briefing

4     and declarations to explain how the class size changed from 1,901 to 7,181 then to 11,740; how

5     the settlement class compared to the class alleged in the complaint; why plaintiffs' counsel seek

6     such a large increase in attorney's fees; the scope of the class release compared to allegations and

7     claims asserted in the complaint; the maximum recovery for each of plaintiffs' asserted causes of

8     action; and to identify comparable class action settlements.

9           On April 17, 2020, Centerplate filed a declaration that explained the changes in the class

10    size, ECF No. 78, and plaintiffs' counsel filed a declaration that generally explained the increase

11    in their requests for attorney's fees, ECF No. 79.

12          On April 17, 2019, the parties also filed a supplement to their joint motion for preliminary

13    approval of the fourth amended class action settlement.  ECF No. 77.  In this supplement, the

14    parties represented that the class size is 11,731.  ECF No. 77 at 1.  In this supplement, the parties

15    also represented that Plaintiffs' claims pursuant to the California Investigative Consumer

16    Reporting Agencies Act, California Consumer Credit Reporting Agencies Act, and the California

17    Unfair Competition Law have zero damages value.  *Id.* at 8-12.

18          For example, as to Plaintiffs' California Consumer Credit Reporting Agencies Act

19    ("CCRAA") claim, Plaintiffs conceded that "actual damages are a necessary element to bring an

20    action under the CCRAA."  *Id.* at 10.  Yet, Plaintiffs did not allege that the class suffered actual

21    damages.  *Id.*  In fact, Plaintiffs conceded that Plaintiffs suffered "no tangible economic injury."

22    *Id.* at 5.  It is unclear why Plaintiffs asserted this claim in the first place.

23          Similarly, Plaintiffs' California Investigative Consumer Reporting Agencies Act claim

24    provides only for actual damages, or if the case is not a class action, statutory damages.  *Id.* at 8.

25    Yet again, Plaintiffs did not allege that the class suffered actual damages.  *Id.*  Moreover, Plaintiffs

26

27
                                                    3
28    Case No. 18-CV-01139-LHK
      ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF FOURTH AMENDED CLASS ACTION
      SETTLEMENT

United States District Court
Northern District of California

1    conceded that Plaintiffs are not entitled to statutory damages because they are class members. *Id.*

2    It is unclear why Plaintiffs also asserted this claim.

3    Furthermore, Plaintiffs' California Unfair Competition Law ("UCL") claim requires that

4    plaintiff "show that he or she lost money or property as a result of an allegedly unlawful practice,"

5    but Plaintiffs conceded that "Plaintiffs here do not assert an economic injury." *Id.* at 11.  The

6    remedies for a UCL violation are injunctive relief, which the class action settlement does not

7    provide, and restitution.  Plaintiffs conceded: "As there was no economic loss in this case, there

8    would be no restitutionary remedy.  Therefore, the recovery under the UCL would be zero." *Id.*

9    The Court questions whether a Federal Rule of Civil Procedure 11 investigation would

10   have shown that Plaintiffs should not have asserted these claims.  The Court also questions why

11   Plaintiffs' counsel should be awarded attorney's fees for work performed on these claims.  The

12   Court also encourages Plaintiffs to pursue meritorious claims in future litigation.

13   Having considered all the briefing, the arguments of counsel, the relevant law, the parties'

14   changes to the various settlements and the class notices, and the record in this case, the Court

15   GRANTS the parties' motion for preliminary approval of the fourth amended class action

16   settlement.

17   IT IS ORDERED:

18   1.    The proposed class is conditionally certified pursuant to Rule 23(c)(1) as plaintiffs,

19   for purposes of settlement only, satisfy the requirements of Rule 23(a) as well as the requirements

20   for certification under one of the subsections of Rule 23(b), including that:

21   (a)    the class is so numerous that joinder of all members is impracticable;
22   (b)    there are questions of law and fact common to the class;
     (c)    the claims or defenses of the representative parties are typical of the claims
23            or defenses of the class; and
     (d)    the representative parties will fairly and adequately protect the interests of
24            the class.

25   2.    The fourth amended class action settlement, ECF No. 66-1 ("Settlement"), is

26   granted preliminary approval as it meets the criteria for preliminary settlement approval.  The

27

28   Case No. 18-CV-01139-LHK
     ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF FOURTH AMENDED CLASS ACTION
     SETTLEMENT

United States District Court
Northern District of California

Settlement falls within the range of possible approval as fair, adequate and reasonable, and appears to be the product of arm's length and informed negotiations and to treat all Class Members fairly.

3.      The parties' proposed notice plan is constitutionally sound because individual notices will be mailed in English and Spanish to all Class Members whose identities are known to the parties, and such notice is the best notice practicable.  The Court preliminarily approves the Notice of Class Action Settlement, which is attached as a redlined version as Exhibit 1 to this Order and as a clean version incorporating the Court's changes as Exhibit 2 to this Order ("Fourth Amended Class Notice.  The Fourth Amended Class Notice and the parties' proposed Opt-Out Form, ECF No. 66-1, Ex. 1 at 48, are sufficient to inform Class Members of the terms of the Settlement, their rights under the Settlement, their rights to object to or comment on the Settlement, their right to receive a Settlement Share or opt out from the Settlement, and the processes for doing so, and the date and location of the final approval hearing, and are therefore approved.

4.      The following persons are certified as Class Members solely for the purpose of entering a settlement in this matter:

> All employees and applicants in the United States who applied for a job, promotion or job change with Centerplate for which a background check, including a consumer report, was conducted at any time from February 22, 2011, to March 31, 2019, excluding those individuals who already have resolved all the claims asserted in the Action, whether by settlement or adjudication, including, but not limited to, the settlement in *Phlisida Gibbs v. Centerplate, Inc.*, et al., U.S.D.C., M.D. Fla., No. 8-17-cv-2187-EAK-JSS.

5.      Class Members will receive a Settlement Share unless they submit a valid and timely Opt-Out Form not later than 45 days after the mailing of the Fourth Amended Class Notice.

6.      Any Class Member who wishes to object to the Settlement, including Class Counsel's motion for attorney's fees and for Class Representative payments, has until 45 days after the mailing of the Fourth Amended Class Notice to mail to the Settlement Administrator his or her written objection (and, if he or she wishes to appear at the final approval hearing, to indicate in his or her written objection an intention to appear), pursuant to the procedures set forth in the

5

Fourth Amended Class Notice.

7.    Simpluris, Inc., is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Settlement.

8.    Plaintiffs Monique Raquedan and Ronald Martinez are appointed the Class Representatives.  Shaun Setareh, Thomas Segal, and Farrah Grant of Setareh Law Group are appointed Class Counsel.

9.    The Fourth Amended Class Notice will be disseminated according to the notice plan described in the Settlement and substantially in the form submitted by the parties.  Proof of distribution of the Fourth Amended Class Notice will be filed by the parties in conjunction with the motion for an order granting final approval of the Settlement.

10.    Centerplate is directed to provide to the Settlement Administrator not later than 30 days after the date of this order the Class Members' Data as specified by the Settlement.

11.    The Settlement Administrator is directed to mail the Fourth Amended Class Notice and Opt-Out Form (the "Class Notice Packet"), translated in English and Spanish, by first-class mail to the Class Members not later than 15 days after receipt of the Class Members' Data.

12.    Plaintiffs and their counsel are directed to file their motion for attorney's fees and for Class Representative payments not later than 30 days after the Settlement Administrator mails the Class Notice Packets.

13.    A final approval hearing will be held on September 17, 2020, at 1:30 p.m., to determine whether the Settlement should be granted final approval as fair, reasonable, and adequate as to the Class Members.  The parties' briefing should confirm that the parties gave CAFA notice with respect to the Fourth Amended Settlement Agreement, *i.e.*, the Settlement that the Court approves in the instant Order.  The Court will hear all evidence and argument necessary to evaluate the Settlement, and will consider Class Counsel's request, made by separate motion, for attorney's fees and for Class Representative Payments.  Class Members and their counsel may support or oppose the Settlement and Class Counsel's motion for attorney's fees and for Class

Case No. 18-CV-01139-LHK
ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF FOURTH AMENDED CLASS ACTION SETTLEMENT

United States District Court
Northern District of California

Representative payments, if they so desire, as set forth in the Fourth Amended Class Notice.

14.     The Court reserves the right to continue the date of the final approval hearing without further notice to Class Members.  The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

**IT IS SO ORDERED.**

Dated: April 21, 2020

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge

Case No. 18-CV-01139-LHK
ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF FOURTH AMENDED CLASS ACTION
SETTLEMENT

United States District Court
Northern District of California