UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MONIQUE RAQUEDAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>VOLUME SERVICES, INC., et al.,<br><br>    Defendants. | Case No. 18-CV-01139-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. Nos. 81 |

      Before the Court is Class Counsel's motion for attorneys' fees, ECF No. 81. The Court held a hearing on the motion on September 17, 2020. In response to the Court's questions at the September 17, 2020 hearing, Class Counsel filed a supplemental declaration regarding attorneys' fees on October 8, 2020. ECF No. 92. Having considered all the briefing, the oral arguments, the relevant law, and the record in this case, the Court hereby GRANTS IN PART and DENIES IN PART Class Counsel's motion for attorneys' fees. Specifically, the Court orders that fees in the amount of $165,000 and litigation costs in the amount of $7,650.58 be paid to Class Counsel for the reasons explained below.

## I. DISCUSSION

"Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). To guard against an unreasonable result, the Ninth Circuit encourages district courts to "cross-check[] their calculations against a second method." *Id.* at 944. Accordingly, the Court calculates the attorneys' fees using the percentage-of-recovery method and then cross-checks its calculations against the lodestar method. *See id.* at 944–45.

"Because in common fund cases the relationship between plaintiffs and their attorneys turns adversarial at the fee-setting stage, courts have stressed that when awarding attorneys' fees from a common fund, the district court must assume the role of fiduciary for the class plaintiffs." *In re Wa. Pub. Power Supply System Sec. Litigation (WPPSS)*, 19 F.3d 1291, 1302 (9th Cir. 1994). Thus, "fee applications must be closely scrutinized." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1052 (9th Cir. 2002). "Rubber-stamp approval, even in the absence of objections, is improper." *Id*.

Where the percentage-of-recovery method is used, it is well-established that 25% of a common fund is a presumptively reasonable amount of attorneys' fees. *In re Bluetooth*, 654 F.3d at 942 ("[C]ourts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award . . . ."). However, the Ninth Circuit has emphasized that "[t]he 25% benchmark rate, although a starting point for analysis, may be inappropriate in some cases." *Vizcaino*, 290 F.3d at 1048. "Selection of the benchmark or any other rate must be supported by findings that take into account all the circumstances of the case." *Id.*; *see also WPPSS*, 19 F.3d at 1298 ("[C]ourts cannot rationally apply any particular percentage . . . in the abstract, without reference to all the circumstances of the case.").

Given the circumstances of this case, the 25 percent rate is not appropriate. Instead, a 22 percent rate, which yields fees of $165,000 and a multiplier of 1.36, is appropriate. The Court reaches this conclusion based on consideration of the following factors: (1) the skills displayed by

2

Class Counsel; (2) the risks taken by Class Counsel; and (3) the result achieved for the class. *See Vizcaino*, 290 F.3d at 1048–49 (weighing the risks taken by counsel and the result achieved for the class); *see also Serrano v. Priest*, 20 Cal.3d 25, 49 (Cal. 1977). The Court discusses each factor in turn.

**A. Skills Displayed by Class Counsel**

The skills displayed by Class Counsel merit a downward adjustment. Class Counsel brought five claims in total: two claims under the Fair Credit Reporting Act (FCRA), a claim under the California Investigative Consumer Reporting Agencies Act (ICRAA), a claim under the California Consumer Credit Reporting Agencies Act (CCRAA), and a claim under California's Unfair Competition Law (UCL). ECF No. 1 at 5–11. Of these five claims, Class Counsel copied one of the claims from other litigation brought by other counsel against the same defendants. The other four were claims that Class Counsel themselves admitted had zero value and should not have been brought. *See* Rough Tr. of Sept. 17, 2020 hearing at 21 ln. 18–19 , at 22 ln. 21–23, at 23 ln. 8–10; ECF No. 77 at 8–12. The Court discusses each of the four non-meritorious claims in turn.

First, as to the FCRA claim based on the failure to provide a summary of rights, Class Counsel conceded at the September 17, 2020 hearing that the claim was not meritorious and should not have been brought. *See* Rough Tr. of Sept. 17, 2020 hearing at 23 ln. 8–10 (Q: "Do you think you shouldn't have brought [the Summary of Rights claim] either?" A: "I think that I would agree with that.").

Second, as to the CCRAA claim, Class Counsel conceded that "actual damages are a necessary element to bring an action under the CCRAA." ECF No. 77 at 10. Yet Class Counsel did not allege that the class suffered actual damages. *Id*. In fact, Class Counsel conceded that Plaintiffs suffered "no tangible economic injury." *Id*. at 5. At the September 17, 2020 hearing, Class Counsel conceded that the claim should not have been included in the litigation. Rough Tr. of Sept. 17, 2020

hearing at 21 ln. 18–19 ("I would agree with the Court that [the CCRAA claim] shouldn't have been included in hindsight").

Third, the ICRAA claim provides only for actual damages, or if the case is not a class action, statutory damages. ECF No. 77 at 8. Class Counsel conceded that Plaintiffs are not entitled to statutory damages because the case is a class action. *Id*. Moreover, Class Counsel did not allege that the class suffered actual damages. *Id*.

Finally, the UCL claim requires that the plaintiff "show that he or she lost money or property as a result of an allegedly unlawful practice," but Class Counsel conceded that "Plaintiffs here do not assert an economic injury." *Id*. at 11. The remedies for a UCL violation are injunctive relief, which the class action settlement does not provide, and restitution. Class Counsel conceded: "As there was no economic loss in this case, there would be no restitutionary remedy. Therefore, the recovery under the UCL would be zero." *Id*. At the September 17, 2020 hearing, Class Counsel conceded that the claim should not have been brought. *See* Rough Tr. of Sept. 17, 2020 hearing at 22 ln. 21–23 (Q: "So you would concede here that you probably shouldn't have brought [the UCL claim] either?" A: "I would. And as I mentioned, this is something we don't include anymore . . . .").

It is unclear why Class Counsel should recover attorneys' fees for work on non-meritorious claims that Class Counsel conceded should not have been brought. Nonetheless, the Court will not reduce Class Counsel's lodestar. However, at a minimum, Class Counsel's assertion and litigation of non-meritorious claims warrant a downward adjustment from the 25 percent benchmark rate.

**B. Risk Assumed by Class Counsel**

The limited risk taken by Class Counsel warrants a downward adjustment. Other than the four non-meritorious claims discussed above, the only potentially meritorious claim that Class Counsel brought was the same claim that other attorneys already brought and settled against the same defendants. *See Gibbs v. Centerplate*, 17-cv-02187-EAK-JSS  (M.D. Fla. 2017) (alleging the

4
Case No. 18-CV-01139-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES

same FCRA claim against Centerplate); *see also* ECF 77-1 at 2 (excluding from the class individuals who had already resolved their claims under *Gibbs*). Because other attorneys had already been successful in bringing the same claim against the same defendants, Class Counsel assumed a limited risk. This limited risk warrants a downward adjustment from the 25 percent benchmark rate. *Cf. Vizcaino*, 290 F.3d at 1048 (approving a 28 percent fee where the case was "extremely risky" since plaintiffs had lost twice in district court, forcing counsel to have to revive the claim on appeal), *WPPSS*, 19 F.3d at 1302 (noting that the case was "fraught with risk and recovery was far from certain").

### C. Results Achieved for the Class

The result achieved for the class warrants a downward adjustment. Although each class member will recover a gross amount of approximately $64, this amount must be viewed in light of the earlier *Gibbs* case. In the *Gibbs* case, which brought the same claim against the same defendants, each class member recovered a gross amount of $100. *See Gibbs v. Centerplate*, 17-cv-02187-JSS (M.D. Fla. 2017). Thus, the result achieved here warrants a downward adjustment from the 25% benchmark rate.

Finally, the Court notes that additional fees awarded to Class Counsel will necessarily decrease the recovery of the class members who suffered the alleged legal violations in the instant case. *See WPPSS* 19 F.3d 1291, 1302 (9th Cir. 1994) ("Because in common fund cases the relationship between plaintiffs and their attorneys turns adversarial at the fee-setting stage, courts have stressed that when awarding attorneys' fees from a common fund, the district court must assume the role of fiduciary for the class plaintiffs."). Class members here are low-wage workers who worked at or applied for concessions jobs at event venues, such as stadiums. ECF 1 at 5. Due to the COVID-19 pandemic, large events have been indefinitely postponed, and thus, prevent concessions workers from working. As a "fiduciary for the class plaintiffs," the Court considers these circumstances as well.

Thus, the Court concludes that a downward adjustment is warranted, and a fee of $165,000, or 22 percent, is appropriate in this case.

In addition, a fee of $165,000 is supported by Class Counsel's lodestar. Class Counsel's lodestar was $121,332.50.[1] Included within this lodestar is time that Class Counsel spent working on the four non-meritorious claims. Nonetheless, the Court is awarding Class Counsel's entire lodestar as well as a profit of $43,667.50 for a total of 1.36 times their lodestar. Thus, Class Counsel is still being adequately compensated for their work in this case.

## II. CONCLUSION

For all of the above reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion for attorneys' fees. The Court orders that fees in the amount of $165,000 and litigation costs in the amount of $7,650.58 be paid to Class Counsel.

**IT IS SO ORDERED.**

Dated: October 28, 2020

*Lucy H. Koh*

LUCY H. KOH
United States District Judge

---

[1] Class Counsel reported a lodestar of $121,420. ECF No. 92. However, Class Counsel did not provide a description for 0.25 hour that was billed at $350 per hour. ECF No. 92-1 at 4 (listing a line item for May 9, 2018 without a description). Accordingly, the Court subtracts $87.50 from the lodestar. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly."). The lodestar amount is thus $121,332.50.

6
Case No. 18-CV-01139-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES