UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MONIQUE RAQUEDAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> VOLUME SERVICES, INC., et al., <br><br> Defendants. | Case No. 18-CV-01139-LHK <br><br> **ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** <br><br> Re: Dkt. No. 86 |

Before the Court is the parties' motion for final approval of the parties' fourth amended class action settlement ("Settlement"). ECF No. 86. On April 21, 2020, the Court preliminarily approved the Settlement, ECF No. 80 ("Preliminary Approval Order"). On September 17, 2020, the Court held a hearing to consider final approval of the Settlement. In response to the Court's questions at the September 17, 2020 hearing, Plaintiffs filed a supplemental declaration from the Settlement Administrator on September 22, 2020, ECF No. 91, and a supplemental declaration regarding Attorneys' Fees on October 8, 2020, ECF No. 92.

Having considered all the briefing, the arguments of counsel, the relevant law, and the record

1

Case No. 18-CV-01139-LHK
ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

in this case, the Court hereby GRANTS the parties' motion for final approval of the Settlement and makes determinations as follows:

1. A Notice of Proposed Settlement; a Class Member Claim Form; and an Election Not to Participate in Settlement were sent in English and Spanish to each Class Member by first-class U.S. mail. These documents informed Class Members of the terms of the Settlement, their right to receive a Settlement Share as defined in the Settlement Agreement, their right to object to the Settlement or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures. Zero Class Members filed written objections to the Settlement or stated an intention to appear at the final approval hearing. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the notice provided in this case was the best notice practicable and satisfied the requirements of law and due process.

2. In addition to the notice to the Class, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), the Attorney General of the United States and the appropriate state official in each state in which a Class Member resides have been given notice of the Settlement. Pursuant to CAFA, not later than 10 days after the motion seeking preliminary approval of the Settlement was filed with the Court, Centerplate served upon the appropriate state official of each state in which a Class Member resides and the appropriate federal official a notice of the Settlement consisting of a copy of the complaint in this action; a notice of the scheduled judicial hearing in this action; a copy of the Settlement, including its exhibits; and the names of Class Members who reside in each state and the estimated proportionate share of the claims of Class Members in each state to the entire Settlement. The notice of Settlement also invited comment on the Settlement. The Court

finds and determines that Centerplate's notice of the Settlement was timely, adequate, and compliant with the statutory requirements of CAFA. Accordingly, 28 U.S.C. section 1715(e) has no application to the Settlement.

3. For the reasons stated in the Preliminary Approval Order, the Court finds and determines that the proposed Class, as defined in the definitions section of the Settlement Agreement and conditionally certified by the Preliminary Approval Order, meets all of the legal requirements for class certification, and it is hereby ordered that the Class is finally approved and certified as a class for purposes of the Settlement.

4. The Court further finds and determines that the terms of the Settlement are fair, reasonable and adequate to the Class and to each Class Member and that the Class Members who did not timely submit valid elections not to participate in the Settlement in accordance with the Settlement Agreement and the Preliminary Approval Order will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

5. The Court finds and determines that the Settlement Shares to be paid to the Class Members, as provided for by the Settlement, are fair and reasonable. The Court hereby gives final approval to and orders the payment of those amounts be made to the Class Members out of the Net Settlement Amount in accordance with the Settlement.

6. The Court finds and determines that the fees and expenses in administering the Settlement, in the amount of $53,610, are fair and reasonable. The Court hereby gives final approval to and orders that amount be paid out of the Maximum Settlement Amount in accordance with the Settlement.

7. In addition to any recovery Plaintiffs may receive under the Settlement as Settlement Class Members, and in recognition of Plaintiffs' efforts on behalf of the Class, the Court hereby approves and orders the payment of an enhancement award of $2,500 to the named Plaintiff

Monique Raquedan and the payment of an enhancement award of $2,500 to the named Plaintiff Ronald Martinez.

8. Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

9. Nothing in this order will preclude any action to enforce the parties' obligations under the Settlement or under this order, including the requirement that Centerplate make payments to the Class Members in accordance with the Settlement.

10. Upon completion of administration of the Settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the parties.

11. Pursuant to the Settlement, plaintiffs and all Class Members who did not timely submit valid elections not to participate are permanently barred from prosecuting against Centerplate, and its parents, predecessors, successors, subsidiaries, affiliates, joint ventures, and trusts (including but not limited to Centerplate, Inc.; Centerplate Ultimate Holdings Corp.; Centerplate Holdings Corp.; KPLT Holdings, Inc.; Volume Services America Inc.; and Sodexo, Inc.), and all of its employees, officers, agents, attorneys, stockholders, fiduciaries, other service providers, and related persons and entities, and assigns, any of the claims released by them under the Settlement.

12. The parties are hereby ordered to comply with the terms of the Settlement.

13. The Parties will bear their own costs and attorneys' fees except as otherwise provided in ECF No. 93.

**IT IS SO ORDERED.**

Dated: October 28, 2020

_Lucy H. Koh_
LUCY H. KOH
United States District Judge